1  Christopher M. Humes Esq., Nevada Bar No. 12782
2  William D. Nobriga, Esq., Nevada Bar No. 14931
   BROWNSTEIN HYATT FARBER SCHRECK, LLP
3  100 North City Parkway, Suite 1600
   Las Vegas, NV 89106-4614
4  Telephone:  702.382.2101
   Facsimile:  702.382.8135
5  Email: chumes@bhfs.com
   Email: wnobriga@bhfs.com
6

7  *Attorneys for Plaintiff*

8              **UNITED STATES DISTRICT COURT**

9                 **DISTRICT OF NEVADA**

10

11  THE BOARD OF TRUSTEES OF THE                    CASE NO.: 2:23-cv-01633-JAD-NJK
    CONSTRUCTION INDUSTRY AND
12  LABORERS JOINT PENSION TRUST,
    CONSTRUCTION INDUSTRY AND
13  LABORERS JOINT PENSION TRUST                     **ORDER GRANTING MOTION FOR**
                                                      **RECONSIDERATION**
14                 Plaintiffs,
                                                           **ECF No. 67**
15  v.

16  SENTINEL MAINTENANCE OF LAS VEGAS,
    LLC, a Nevada limited liability company, SMI,
17  LLC, a Nevada limited liability company,
    SENTINEL 2, LLC f/k/a SMI, LLC, a Nevada
18  limited liability company, SENTINEL 1, LLC
    f/k/a Sentinel Maintenance of Las Vegas, LLC, a
19  Nevada limited liability company

20                 Defendants.

21

22        Presently before the Court is the Motion for Reconsideration (ECF No. 67) filed by

23  Plaintiffs, Board of Trustees of the Construction Industry and Laborers Joint Pension Plan and the

24  Construction Industry and Laborers Joint Pension Trust (collectively, the "Pension Trust"). Being

25  fully advised, and good cause appearing the Court finds and orders as follows:

26  **I.    Background.**

27        1.    On October 31, 2024, the Pension Trust filed a motion for summary judgment

28  against Defendants Sentinel Maintenance of Las Vegas, LLC and SMI, LLC (the "New Sentinel

                                          1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

35532368.1

Entities"). *See* ECF No. 42.

2.      On August 14, 2025, this Court granted the motion for summary judgment.

3.      Within this Court's Order Granting the Pension Trust's Motion for Summary Judgment, this Court found that the total amount due in successor liability was $1,288,521.04. *See* ECF No. 65 at 19:14–22:3. *See* ECF No. 65.

4.      Within this calculation, this Court concluded that the total amount of liquidated damages due was 20% of the unpaid contributions, based on 29 U.S.C. § 1132(g)(2)(C)(ii). *See* ECF No. 65 at 21:6–22:3. This put the total liquidated damages due at $168,577.60—which is $108,477.84 less than the awarded interest.

5.      On September 2, 2025, the Pension Trust filed a motion for reconsideration in which it argued that 29 U.S.C. § 1132(g)(2)(C) requires the amount of liquidated damages be equal to the interest amount when the interest is greater than a 20% liquidated damages award. *See* ECF No. 67 at 3:8–6:16.

6.      On September 22, 2025, this Court approved a stipulation allowing the New Sentinel Entities additional time to respond to the Pension Trust's motion for reconsideration, giving the New Sentinel Entities until September 30, 2025, to respond. *See* ECF No. 69.

7.      That enlarged deadline passed with no response to the motion for reconsideration, so the motion stands unopposed.

**II.      Findings of Fact, Conclusions of Law, and Order.**

8.      Federal Rule of Civil Procedure 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and ***may be revised at any time before the entry of a judgment*** adjudicating all the claims and all the parties' rights and liabilities." (emphasis added).

9.      To that end, federal courts have the authority under both Rule 54(b) and their inherent authority to rescind, reconsider, or modify an interlocutory order. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); L.R. 59-1.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

35532368.1

10.     Within its Order Granting Summary Judgment, this Court explicitly stated that it was not entering judgment or partial final judgment, making reconsideration under Rule 54(b) appropriate. *See* ECF No. 65 at 22:11-12.

11.     This court's local rule 59-1 contemplates reconsideration of an interlocutory order if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." L.R. 59-1(a).

12.     This Court recently granted the Pension Trust's motion for summary judgment, finding that the New Sentinel were successors of Sentinel 2, LLC fka SMI, LLC ("Old SMI") and therefore liable for Old SMI's withdrawal liability owed to the Pension Trust. *See* ECF No. 65.

13.     This Court addressed the damages owed to the Pension Trust, identifying the amounts owed by the New Sentinel Entities, consisting of the withdrawal liability, interest and liquidated damages. ECF No. 65 at 19:14-22:3.

14.     With respect to liquidated damages, this Court found that the liquidated damages should be limited to 20% of the amount owed. ECF No. 65 at 21:6-22:1.

15.     The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") instructs that a civil action to compel an employer to pay withdrawal liability is to be treated as a civil action to recover unpaid benefit contributions. *See* 29 U.S.C. § 1451(b).

16.     ERISA, in turn, explains the amounts that are owed in such a suit for delinquent contributions at 29 U.S.C. § 1132(g)(2), which states in relevant part:

//

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1

2

3

4

5

6

7

8

9

    (2)    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

        (A)    the unpaid contributions,

        (B)    interest on the unpaid contributions,

        (C)    ***an amount equal to the greater of***—

            (i)    ***interest on the unpaid contributions***, or

            (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

        (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

        (E)    such other legal or equitable relief as the court deems appropriate.

10    29 U.S.C. § 1132(g)(2) (emphasis added).

11        17.    Under this statute, when the amount of interest exceeds 20% of the withdrawal liability, this Court is required to award another amount equal to the interest calculation. *See, e.g.*, *Trs. of Bricklayers & Allied Craftworkers Loc. 13 Defined Contribution Pension Tr. for S. Nevada v. Marbella Flooring, Inc.*, No. 2:11-CV-00510-GMN, 2011 WL 6026613, at *6 (D. Nev. Dec. 2, 2011) ("Plaintiffs are entitled to double their prejudgment interest collectable because that amount is higher than the liquidated damages allowable under the collective bargaining agreement."); *Trs. of Bricklayers & Allied Craftsmen Loc. No. 3 Health & Welfare Tr. v. Reynolds Elec. & Eng'g Co.*, 747 F. Supp. 606, 609 n. 12 (D. Nev. 1990) ("An additional $17,146.74 of interest was added pursuant to the double interest provision of 29 U.S.C. § 1132(g)(2)(C)."); *Lewart v. Woodhull Care Ctr. Assocs.*, 549 F. Supp. 879, 885 n. 2 (S.D.N.Y. 1982) ("In addition, federal law provides for double interest."); *Bd. of Trs. of Laborers Health & Welfare Tr. Fund for N. California v. Breneman, Inc.*, No. 16-CV-01640-YGR, 2017 WL 4516917, at *3 (N.D. Cal. Oct. 10, 2017) ("Cement Masons Trust Funds are also entitled to an additional award in an amount equal to the greater of the interest on the unpaid contributions or liquidated damages at the contract rate. Here, the interest exceeds the liquidated damages, and the Court finds that Cement Masons Trust Funds are entitled to an additional award of interest.").

        18.    This provision is mandatory and not subject to any reasonableness analysis. *See*

27

28

*Moriarty v. Svec*, 429 F.3d 710, 720 (7th Cir. 2005) ("Svec is required to pay interest and double interest on the delinquent contributions. . . . While attorneys' fees and costs must be 'reasonable,' there is no such qualifier placed upon the award of interest and double interest."); *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) ("Section 1132(g)(2) is 'mandatory and not discretionary.'"); *Holland v. Bibeau Const. Co.*, 774 F.3d 8, 17 (D.C. Cir. 2014) ("The text [of 29 U.S.C. § 1132(g)(2)] admits of no exceptions, and the district court awarded the Plan double interest on the unpaid premiums within the limitations period.") (interpreting the Coal Act, which incorporates ERISA's enforcement scheme).

19.     As a result, the prior liquidated damages award in the Order Granting the Pension Trust's Motion for Summary Judgment was incorrect because the ERISA and MPPAA require that the amount awarded for liquidated damages must mirror the interest amount. *See* 29 U.S.C. § 1132(g)(2)(C). This is because the interest amount is greater than the liquidated damages amount of 20% of the withdrawal liability.

Accordingly, it is **ORDERED** that the prior award of $168,577.60 for liquidated damages was in error.

It is **ORDERED** that the proper amount in liquidated damages is $277,055.44, set to mirror the interest amount as required by 29 U.S.C. § 1132(g)(2)(C).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1      It is **ORDERED** that the Order Granting the Pension Trust's Motion for Summary

2  **Judgment [ECF No. 65] at p. 22 is amended** to reflect that Sentinel Maintenance of Las Vegas,

3  LLC and SMI, LLC are subject to successor liability in the following amounts:

4

5                  Withdrawal Liability     $842,888

6                  Interest                $277,055.44

7                  Liquidated Damages     $277,055.44

8                                    **Total: $1,396,998.88**

9

10                            _____

11                            UNITED STATES DISTRICT JUDGE

12                            October 15, 2025

13 Respectfully submitted by:

14 BROWNSTEIN HYATT FARBER SCHRECK, LLP

15 /s/ William D. Nobriga

16 Christopher M. Humes, Esq., Nevada Bar No. 12782
   William D. Nobriga, Esq., Nevada Bar No. 14931

17 100 North City Parkway, Suite 1600
   Las Vegas, Nevada 89106-4614

18 Telephone: 702.382.2101
   Facsimile: 702.382.8135

19 *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

35532368.1