Christopher M. Humes Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST, CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST | CASE NO.: 2:23-cv-01633-JAD-NJK |
| Plaintiffs, | **ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT** |
| v. | **(ECF Nos. 70 and 75)** |
| SENTINEL MAINTENANCE OF LAS VEGAS, LLC, a Nevada limited liability company, SMI, LLC, a Nevada limited liability company, SENTINEL 2, LLC f/k/a SMI, LLC, a Nevada limited liability company, SENTINEL 1, LLC f/k/a Sentinel Maintenance of Las Vegas, LLC, a Nevada limited liability company | |
| Defendants. | |

Plaintiff Board of Trustees of the Construction Industry and Laborers Joint Pension Plan and the Construction Industry and Laborers Joint Pension Trust (collectively, the "Pension Trust") and Defendants Sentinel Maintenance of Las Vegas, LLC and SMI, LLC (collectively, the "New Sentinel Entities") move for default judgment against Defendants Sentinel 2, LLC f/k/a SMI, LLC ("Old SMI") and Sentinel 1, LLC f/k/a Sentinel Maintenance of Las Vegas, LLC ("Old Sentinel Maintenance") (collectively, the "Old Sentinel Entities" or "Defendants"). Default having been entered against the Old Sentinel Entities, the Court having reviewed the motions, being fully advised, and good cause appearing, the Court now provides a brief procedural history and makes the following findings of facts and conclusions of law.

1

51240441.3

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

## I.    Procedural History

The Pension Trust brought claims against the Old Sentinel Entities for withdrawal liability and brought claims against the New Sentinel Entities for successor withdrawal liability. The New Sentinel Entities brought cross-claims against the Old Sentinel Entities for indemnity and contribution. The Court previously granted the Pension Trust's Motion for Summary Judgment, finding that the New Sentinel Entities were liable for withdrawal liability in the amount of $1,288,521.04, as successors to the Old Sentinel Entities. ECF No. 65, filed Aug. 18, 2025. The Pension Trust then brought a motion for reconsideration, which the Court granted and revised the amount owed by the New Sentinel Entities to $1,396,998.88. ECF No. 73, filed Oct. 15, 2025. This amount has yet to be reduced to judgment.

The Pension Trust then filed a Motion for Default Judgment against the Old Sentinel Entities on September 30, 2025, seeking withdrawal liability from the originally withdrawn employer, Old SMI, and its controlled group member, Old Sentinel Maintenance (ECF No. 70.). Similarly, the New Sentinel Entities also filed a Motion for Default Judgement against the Old Sentinel Entities on December 31, 2025, on a theory of defense and indemnification. ECF No. 75.

## II.    Finding of Facts

1.    The Board of Trustees is made up of fiduciaries for the purposes of Employee Retirement Income Security Act of 1974 ("ERISA").

2.    The Pension Trust is an "employee benefit pension plan" as defined in 29 U.S.C. § 1002(2); and a "multiemployer plan" as defined in 29 U.S.C. §§ 1002(37) and 1301(a)(3).

3.    Sentinel 2, LLC f/k/a SMI, LLC is a Nevada limited liability company, with its principal place of business in Las Vegas, Nevada.

4.    Sentinel 1, LLC f/k/a Sentinel Maintenance of Las Vegas, LLC is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

5.    Old SMI is a business entity that provided window washing services in Las Vegas, Nevada.

6.    On or about April 10, 2008, Old SMI became a signatory to the Master Labor Agreement ("MLA") between the Laborers International Union of North America No. 872

2

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

("Union") and the Nevada Contractors Association, which states that employee benefit contributions will be paid to the Pension Trust by employers bound by the MLA.

7. After signing the MLA, Old SMI continued business operations in Las Vegas, Nevada and contributed to the Pension Trust in accordance with the MLA.

8. Mr. Christopher Greco and Mr. Marc Schultz approached the owners of Old SMI, Mr. Craig Grotsky and Mr. Joel Grotsky, regarding selling the naming rights and assets of Old SMI.

9. On or around June 1, 2019, Old SMI and Old Sentinel Maintenance sold all of their assets and naming rights to SMI and Sentinel Maintenance.

10. Notably, Old SMI sold certain assets to SMI, including without limitation, its tangible assets, trade names, and goodwill in an asset purchase agreement, effective June 1, 2019 (the "SMI APA"). Old SMI and SMI also entered into an assignment and assumption agreement on June 1, 2019, in which Old SMI assigned SMI its right, title, and interest to such assets. SMI did not agree to assume the Old SMI's obligations to contribute to the Pension Trust or make payments for Old SMI's withdrawal liability and did not assume Old SMI's withdrawal liability. Pursuant to the SMI APA, Old SMI agreed to indemnify and defend SMI for liabilities, including without limitation, indemnification of and defense from any breach of any representation or warranty Old SMI made in the SMI APA.

11. Old Sentinel Maintenance also sold assets to Sentinel Maintenance in an asset purchase agreement, effective June 1, 2019 (the "Sentinel APA"). Old Sentinel Maintenance agreed to indemnify and defend Sentinel Maintenance for liabilities, including but not limited to, from any breach of any representation or warranty Old Sentinel made in the Sentinel APA.

12. The asset purchase agreements did not contain the specific provisions necessary to prevent the sale from being a withdrawal under 29 U.S.C. § 1384.

13. Thereafter, Old SMI ceased all business activities under the MLA.

14. Based on the sale to SMI, Old SMI permanently ceased all covered operations under the plan and/or ceased to have an obligation to contribute under the plan. This constituted a "complete withdrawal" under 29 U.S.C. § 1383.

///

15. On October 6, 2022, the Plan sent a withdrawal liability assessment and a demand for payment to SMI in the amount of $842,888, with the first quarterly payment of $63,251 due on November 1, 2022.

16. On February 28, 2023, after no payment was received, the Plan provided Old SMI with a written notice that it was delinquent on its payments, and provided sixty days for Old SMI to cure the default.

17. To date, Old SMI has not made a single payment in accordance with the withdrawal liability assessment.

18. Old SMI also failed to timely request review or initiate arbitration as outlined in 29 U.S.C. § 1399(b)(2) and 29 U.S.C. § 1401(a).

19. As a result, the entire amount of the withdrawal liability is "due and owing on the schedule set forth by" the Plan. 29 U.S.C. § 1401(b)(1).

20. Like Old SMI, Old Sentinel Maintenance is owned by Mr. Craig Grotsky and Mr. Joel Grotsky, making the two entities under common control, as that term is used in 29 U.S.C. § 1301(b), causing Old SMI and Old Sentinel Maintenance to be a single employer for the purposes of MPPAA.

21. New Sentinel Entities have been sued by the Pension Trust for successor withdrawal liability resulting from, relating to, arising out of, or attributable to Old SMI's and Old Sentinel Maintenance's breach of a representation or warranty in the asset purchase agreements; breach, violation, or default of a covenant, agreement, or obligation under the asset purchase agreements; and/or grossly negligent or willful misconduct.

22. Old Sentinel Entities have a contractual and equitable duty to indemnify and defend the New Sentinel Entities against the Pension Trust's claims.

23. Old Sentinel Entities have not agreed to indemnify and have not defended the New Sentinel Entities against the Pension Trust's claims.

///

///

///

4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

### III.    Conclusions of Law

1.    Federal Rule of Civil Procedure 8(b)(6) provides that where a party fails to appear or otherwise defend against an allegation the "allegation—other than one relating to the amount of damages—is admitted . . . ." In turn, Rule 55(b)(2) provides that the Court may enter a default judgment against any party that has failed to plead or otherwise defend against a claim. Fed. R. Civ. P. 55(b)(2).

2.    In light of Rules 8 and 55, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944))."So long as the allegations in the complaint are 'well-pleaded,' liability is established as to those allegations by the default." *Northwest Adm'rs, Inc. v. Event Productions, Inc.*, 2009 WL 1106812, *2 (N.D. Cal. Apr. 23, 2009) (citations omitted).

3.    This Court finds that Plaintiffs' Complaint is well-pleaded and adequately asserts that Defendants owe withdrawal liability as assessed by the Pension Trust, by way of failing to request review, initiate arbitration, or pay the scheduled quarterly payments, as well as the effects of Defendants operating as a MPPAA controlled group. This Court also finds that the New Sentinel Entities' cross-claims against Defendants are well-pleaded and adequately assert that Defendants must indemnify and defend the New Sentinel Entities against the Pension Trust's claims brought against the New Sentinel Entities in this case, including Defendant's obligation to fully pay the judgment amount in connection with the Pension Trust's claims against the New Sentinel Entities and all attorneys' fees, interest, and costs arising from that judgment amount. Because Default has been entered against Defendants, each of the allegations except those relating to the amount of damages should be deemed admitted. *Geddes*, 559 F.2d at 560.

4.    Accordingly, Defendants have admitted that they are liable for the withdrawal liability assessed by the Pension Trust, leaving only the amount of damages to resolve, and for indemnity and defense of the New Sentinel Entities with respect to the Pension Trust's claims against the New Sentinel Entities.

/ / /

5

5.      Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. Courts may, in their discretion, enter a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

6.      As to the first element of the *Eitel* test, the Pension Trust and the New Sentinel Entities will suffer prejudice if default judgment is not entered because they will likely be without other recourse for recovery' if default judgment is not entered in their favor.

7.      Defendants have failed to respond to the withdrawal liability assessment via any of the avenues allowed by federal statute and regulation. Defendants have not requested a review of the withdrawal liability assessment. They did not initiate mandatory arbitration to contest the withdrawal liability assessment. They have also failed to respond to the New Sentinel Entities' demand for defense and indemnification in connection with the Pension Trust's claims against the New Sentinel Entities. And Defendants have been defaulted for failing to maintain representation in this action, which seeks to reduce their indisputably owed withdrawal liability to judgment and to avoid their obligation to defend and indemnify the New Sentinel Entities. Since default, Defendants have been silent as to these proceedings. The first *Eitel* factor favors the entry of default judgment because without entering default judgment, the Pension Trust and the New Sentinel Entities will have no recourse against Defendants.

8.      The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471-72.  ERISA and the MPPAA impose withdrawal liability on an

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

6

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

employer that withdraws from a plan under certain circumstances. *See* 29 U.S.C. §§ 1381–453; *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California*, 522 U.S. 192, 196 (1997). One such circumstance is when an "employer 'permanently ceases to have an obligation to contribute under the plan' or 'permanently ceases all covered operations under the plan.'" *Id.*

9.      Once the pension plan assesses withdrawal liability that the employer incurred., there is a general framework that the employer must follow to challenging such a withdrawal liability assessment. First, an employer must request review of the withdrawal liability assessment within ninety days. *See* 29 U.S.C. § 1399(b)(2). If an employer does not request review, all substantive arguments against the withdrawal liability assessment are waived. *See, e.g., Sheet Metal Workers of N. California Pension Tr. Fund v. Shillingsburg Ventures*, 2020 WL 13094012, at *7 (N.D. Cal. Dec. 18, 2020), *report and recommendation adopted*, 2021 WL 7448558 (N.D. Cal. Jan. 7, 2021).

10.      Second, if an employer requests review, and the Pension Trust does not rescind its withdrawal liability assessment, then the employer must challenge the assessment through mandatory arbitration. *See* 29 U.S.C. § 1401(a). The employer must initiate arbitration within the earlier of 60 days from the date that the Trust Fund responds to the request for review, or 180 days from the date that the employer sends to request for review. *Bd. of Trustees of Constr. Indus. & Laborers Joint Pension Tr. for S. Nevada., LLC*, 2023 WL 2226848, at *4.

11.      If the employer fails to timely initiate arbitration, then the employer "waives any objection to the withdrawal liability assessed by the plan." *Id.* (collecting cases). As ruled above, Plaintiffs' Complaint is sufficiently plead and as a result of Defendants' default, Defendants have admitted that they did not request review, nor initiate arbitration when the Pension Trust sent a demand of withdrawal liability to Old SMI. Notice to Old SMI constituted notice to Old Sentinel Maintenance due to their controlled group relationship. Accordingly, the second and third *Eitel* factors favor the entry of default judgment for the Pension Trust.

7

12. The New Sentinel Entities' indemnity claim sets forth a viable and appropriate claim for express contractual indemnity against Defendants. The cross-claims establish that Defendants entered into a contractual agreement with the New Sentinel Entities, that the New Sentinel Entities performed their portion of the contract, and that the New Sentinel Entities are entitled to the benefit of the contract—defense and indemnification by Defendants "for liabilities, including but not limited to, from any breach of any representation or warranty" Old SMI or Old Sentinel Maintenance made in their respective agreements. The cross-claims sufficiently set forth a factual basis for a valid claim for contractual indemnification against Defendants. As this Court has already entered default against Defendants, the factual allegations set forth in the cross-claims must be accepted as true. *See Geddes*, 559 F.2d at 560. Accordingly, the second and third *Eitel* factors also favor the entry of default judgment for the New Sentinel Entities.

13. The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on the Pension Trust's governing documents and the Court's Order.. Moreover, the damages in this case are dictated by statute. Because Defendants did not pay the quarterly installments assessed by the Pension Trust, and because Defendants did not cure that nonpayment within 60 days, the Pension Trust "has the option to accelerate and collect the entire debt. . . ." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund*, 522 U.S. at 208. Under 29 U.S.C. § 1451(b), the failure to make the required payments requires this Court to treat the action as one to recover unpaid benefit contributions. These are the same damages sought by the Pension Trust against the New Sentinel Entities, and the New Sentinel Entities seek Defendants' indemnification of the full amount of damages owed to the Pension Trust. The well documented nature of the amounts causes this factor to also favor the entry of default judgment.

14. Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because Defendants has had a default entered against it, the allegations in the complaint and cross-claims are deemed admitted and taken as true. *Geddes*, 559 F.2d at 560 (citing *Pope*, 323 U.S. at 12). Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

8

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

15. The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. This Court ordered the defendants "to show cause in writing, no later than September 5, 2024, why case-dispositive sanctions should not be imposed." ECF No. 68. They never responded, and as a result, this Court ruled the Defendants were defaulted on October 7, 2024. ECF No. 41. Defendants could have responded to the Court, but chose not to, and accordingly, there is no evidence that Defendants' default was the result of excusable neglect. The sixth *Eitel* factor favors the entry of a default judgment.

16. The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Although "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002)). "Thus, 'the preference to decide cases on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)). Therefore, this factor also weighs in favor of the entry of a default judgment.

17. The *Eitel* factors favor entering default judgment in favor of the Pension Trust and the New Sentinel Entities against the Old Sentinel Entities.

18. The Court, through its Order Granting Motion for Summary Judgment and Order Granting Motion for Reconsideration, has already determined that the liability in questions is calculated as $842,888 in withdrawal liability; $277,055.44 in interest; and $277,055.44 in liquidated damages for a total of $1,396,998.88.

IT IS HEREBY ORDERED, ADJUDICATED AND DECREED that the motions for default judgment [**ECF Nos. 70, 75] are GRANTED; the Clerk of Court is directed to ENTER JUDGMENT** in favor of the Pension Trust (1) against Defendants SMI, LLC and Sentinel Maintenance of Las Vegas, LLC, jointly and severally for $1,396,998.88; and (2) against Defendants Sentinel 2, LLC f/k/a SMI, LLC and Sentinel 1, LLC f/k/a Sentinel Maintenance of Las Vegas, LLC, jointly and severally for $1,396,998.88.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

IT IS FURTHER ORDERED that Sentinel 1, LLC must defend and indemnify Sentinel Maintenance of Las Vegas, LLC against the Pension Trust's claims against Sentinel Maintenance of Las Vegas, LLC in this case. Judgment is therefore entered against Sentinel 1, LLC in favor of Sentinel Maintenance of Las Vegas, LLC for full payment of the judgment amount owed by Sentinel Maintenance of Las Vegas, LLC and all attorney's fees, interest, and costs incurred by Sentinel Maintenance of Las Vegas, LLC pertaining to that judgment amount.

IT IS FURTHER ORDERED that Sentinel 2, LLC must defend and indemnify SMI, LLC against the Pension Trust's claims against SMI, LLC in this case. Judgment is therefore entered against Sentinel 2, LLC in favor of SMI, LLC for the full payment of the judgment amount owed by SMI, LLC and all attorney's fees, interest, and costs incurred by SMI, LLC pertaining to that judgment amount.

The Clerk of Court is instructed to enter judgment as described above and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 5, 2026

Respectfully submitted by:

BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

*Attorneys for Plaintiffs*

JACKSON LEWIS P.C.

/s/ I-Che Lai
Paul T. Trimmer, Esq., Nevada Bar No. 9291
I-Che Lai, Esq., Nevada Bar No. 12247
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460

*Attorneys for Defendants and Cross-Claimants*
*Sentinel Maintenance of Las Vegas, LLC and SMI, LLC*