**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Board of Trustees of the Construction Industry and Laborers Joint Pension Trust, et al.,<br><br>Plaintiffs<br>v.<br><br>Sentinel Maintenance of Las Vegas, LLC, et al.,<br><br>Defendants | Case No. 2:23-cv-01633-JAD-NJK<br><br>**Order Granting Motion for Attorneys' Fees**<br><br>[ECF No. 80] |

Back in May, I entered judgment against Sentinel Maintenance of Las Vegas, LLC, SMI, LLC, Sentinel 1, LLC, and Sentinel 2, LLC, for $1,396,998.88 in withdrawal liability that they owed jointly and severally to the Construction Industry and Laborers Joint Pension Trust and the board of trustees of that trust under the Employee Retirement Income Security Act of 1974 ("ERISA").[1] The Trust now moves for an award of $92,249.50 in attorneys' fees incurred litigating this case.[2] The Sentinel entities oppose the Trust's motion, arguing that the court should not award the requested fees because some of the rates and hours billed are unreasonable. Because I find that the Trust justifies the reasonableness of its attorneys' rates and hours in its revised fees request, I grant the Trust's motion and order the Sentinel entities to pay $92,249.50 in attorneys' fees.

---

[1] ECF No. 79.

[2] ECF No. 89. Plaintiffs originally asked for $102,484.50 in attorneys' fees but reduced the request in their reply. *See* ECF Nos. 80, 81 & 89.

**A. ERISA requires an award of reasonable attorneys' fees and costs.**

ERISA contains a fees-and-costs provision that requires the court to award a prevailing plan "reasonable attorneys' fees and costs of the action . . . ."[3] The Ninth Circuit has adopted a hybrid lodestar–multiplier approach for determining reasonable fees in ERISA cases.[4] That "approach has two parts. First, [the] court determines the 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate" based on the evidence submitted.[5] "Second, [the] court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar."[6] To further assist the court in this determination, this district's local rule 54-14 requires any application for attorneys' fees to include, as relevant here, an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorneys performed.[7] The parties do not dispute that an award of attorneys' fees is required in ERISA cases.

**B. The Trust's rates and hours billed are reasonable.**

The Sentinel entities dispute the reasonableness of the Trust's attorneys' and staff's rates and hours billed.[8] They contend that four of the staff's hourly rates are unreasonable: Ebony S. Davis's $110–$120 hourly rate, Ebony L. Ruemmele's $220 hourly rate, Janice A. Casper's

---

[3] 29 U.S.C. § 1132(g)(2) (cleaned up); *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) ("Section 1132(g)(2) is mandatory and not discretionary." (quoting *Operating Eng'rs Pension Tr. v. Beck Eng'g & Surv., Co.*, 746 F.2d 557, 569 (9th Cir. 1984))).

[4] *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[5] *Id.*

[6] *Id.*

[7] L.R. 54-14 (a)–(b).

[8] ECF No. 81.

$220–$235 hourly rate, and Brianda Bercerra Larios's $120 hourly rate.[9] They also argue that the number of hours billed is not reasonable because the Trust attorneys and staff often used block billing, redacted their invoices, used too many employees, billed office communications, and fail to justify their fee request for certain filings.[10]

### *1. The paralegal and law-clerk hourly rates are reasonable.*

The Sentinel entities challenge three paralegal rates and one law-clerk rate, contending that the Trust doesn't "explain the reasonableness of the rates" for these individuals.[11] Hours billed by these employees make up $6,709.50 of the Trust's requested fees.[12] The Trust responds that it "clearly delineates" the fees incurred by these individuals and justifies the rates by directing the court to other cases in this district that upheld similar fees.[13]

The Trust lawyers calculate their fee request based entirely on the work performed at their discounted billing rates for ERISA cases.[14] The paralegals' rates range from $110 to $235 per hour and vary based on experience. For example, the highest rate was for a paralegal with more than 30 years of ERISA experience.[15] I find these paralegal rates to be commensurate with

---

[9] *Id.* at 3.

[10] *Id.* at 4–9.

[11] *Id.* at 3 (disputing Davis's fee from October 2023 to April 2024 and July 2024 to October 2024; Casper's fee from January 2024 to October 2024; and Ruemmele's and Larios's fees for the entire litigation period); ECF No. 89 at 4–5.

[12] ECF No. 81 at 3 n.2; *see generally* ECF No. 89-3. The Trust correctly calculates these individuals' bills totaling $6,709.50. ECF No. 89 at 6 n.3; *see generally* ECF No. 89-3. The Sentinel entities argue that the total is $7,502.50, but they incorrectly calculate Larios's total as $1,729. *See* ECF No. 81 at 3 n.2. The billing records total $936 for Larios. ECF No. 89 at 6 n.2; ECF No. 89-3.

[13] ECF No. 89 at 4.

[14] ECF No. 89-2 at ¶¶ 2, 7, 9

[15] ECF No. 89 at 5; ECF No. 89-3 at ¶ 15.

market rates in this jurisdiction.[16] The law clerk's $120 hourly rate falls at the low end of the paralegals' rates and is within the range that courts in this district have also found reasonable for law clerks and staff.[17] So I find all of the rates that the Sentinel entities challenge reasonable and I do not reduce the Trust's requested attorneys' fees on this basis.[18]

### 2. *The attorneys' hours billed are reasonable.*

#### a. *The Sentinel entities fail to meet their shifted burden to identify unreasonable block-billed or redacted entries.*

The Sentinel entities argue that the Trust's use of block billing should be rejected because this practice "'makes it very difficult to determine how much time was spent on particular activities and the precise time spent on a single item in the block is unknown.'"[19] They also contend that the Trust over-redacted its billing entries to the point that the court can't determine

---

[16] *See, e.g.*, *Bd. of Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Bottom Line Constr.*, 2024 WL 3104519, at *5 (D. Nev. June 24, 2024) ($110 to $220 paralegal rates were "in line with prevailing rates for ERISA cases in this district"); *Bd. of Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Emmanuel Env't, Inc.*, 2025 WL 2637417, at *1 (D. Nev. Sept. 11, 2025); *ITEX Corp. v. Glob. Links Corp.*, 2015 WL 2152659, at *2 (D. Nev. May 7, 2015) ("[T]he paralegal assigned to the case billed between $216 an hour and $220.50 an hour for the work performed in 2014 and 2015. . . . The court likewise finds these rates to be reasonable." (cleaned up)).

[17] *See, e.g.*, *Emp. Painters Welfare Tr. v. Atlas Painting & Drywall, LLC*, 2011 WL 6012352, at *2 (D. Nev. Dec. 1, 2011) (finding plaintiffs' requested rate of $110 for law clerks and other staff members "reasonable").

[18] The Sentinel entities also argue that the court shouldn't award fees charged by these four individuals because the Trust "provides no explanation of the need for the involvement of" them. ECF No. 81 at 6. But I find that the descriptions in their billing records and counsel's affidavit sufficiently justify their involvement as experienced paralegals and law clerks who could complete tasks at lower rates than the Trust's attorney. *See* ECF No. 89-3; ECF No. 89-2 at ¶¶ 15–16; ECF No. 89 at 15–16 (explaining that the law clerk's research was necessary in support of the Trust's dispositive motions).

[19] ECF No. 81 at 4 (quoting *Gen. Cigar Co. v. Cohiba Caribbean's Finest, Inc.*, 2009 WL 10692758, at *3 (D. Nev. Mar. 31, 2009)).

whether the "work was related to the case" or included non-compensable time.[20] The Trust insists that its bills provide a sufficient basis for calculating a fee award because the entries are specific and justify the time each attorney spent working on this case.[21] And it filed updated billing records with fewer redactions that it argues "largely moot[] the [Sentinel entities'] redaction argument."[22]

The Trust "bears the burden of documenting the appropriate hours expended in the litigation" and submitting "evidence in support of those hours worked."[23] With its motion for fees, the Trust includes billing records and an attorney affidavit supporting the records.[24] So the Trust met its initial burden, and the burden shifts to the Sentinel entities to submit "evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."[25]

The Sentinel entities identify only two billing records that they challenge as improperly block-billed and redacted.[26] In a March 27, 2024, entry, attorney Christopher Humes billed 1.9 hours for "[r]eview documents [REDACTED]; draft email to E. Ruemmele and J. Casper re

---

[20] *Id.* at 4–5.

[21] ECF No. 89 at 9–10.

[22] *Id.* at 13; ECF No. 89-3.

[23] *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

[24] ECF Nos. 80-2 & 80-3. The Trust amended its affidavit and billing records in its reply to provide more specifics about the staff's rates, adjust redactions, and remove charges for certain filings. *See* ECF Nos. 89-2 & 89-3.

[25] *Gates*, 987 F.2d at 1397–98.

[26] The Sentinel entities discuss two other entries from December 29, 2023, and January 19, 2024, as improperly redacted, *see* ECF No. 81 at 5–6, but the Trust unredacted these entries in its reply, and I find that the hours billed are reasonable based on the billing descriptions. *See* ECF No. 89-3 at 4–5; ECF No. 89 at 14.

supplemental disclosure; prepare for and attend meet and confer with opposing counsel[.]"[27] And in a December 10, 2024,[28] entry also cited by the Sentinel entities, attorney William Nobriga billed 2.3 hours for "[r]esearch re [REDACTED]; exchange emails with C. Humes re same; review and revise email to opposing counsel re same[.]"[29] The Sentinel entities fail to meet their shifted burden to show why these entries are unreasonable. Despite the entries being redacted for attorney-client privilege, they identify multiple tasks that Humes and Nobriga completed to justify their 4.2 hours spent working on those dates. And the Trust provides further context for these entries in its reply—it explains that Humes was reviewing information to draft a stipulated protective order and Nobriga was addressing the Sentinel entities' request for an extension to reply to the Trust's summary-judgment motion.[30] Neither of these entries is unreasonable, and the Sentinel entities fail to identify any further billing records that should be excluded or reduced as improperly block billed or redacted.[31] So I do not reduce the Trust's requested attorneys' fees on this basis either.

---

[27] ECF No. 81 at 5; ECF No. 89-3 at 9. This entry is quoted from the Trust's updated billing records.

[28] The Sentinel entities challenge a Nobriga entry from *November* 10th, but context from the billing records and the Trust's reply show that they are actually challenging Nobriga's *December* 10th entry. *See* ECF No. 89 at 10; ECF No. 89-3 at 22.

[29] ECF No. 81 at 5; ECF No. 89-2 at 22.

[30] ECF No. 89 at 9–10.

[31] The Sentinel entities also argue that fees should not be awarded for inter-office communications because those hours are also improperly block-billed. ECF No. 81 at 7. I deny this request as well because, as discussed, the Trust's block billing provides sufficient information to justify the time spent on each task and the Sentinel entities fail to identify any specific intra-office communications that they dispute. *See id.*; *see e.g.*, ECF No 89-3 at 5 (Humes January 11, 2024, entry billing 0.3 hours for reviewing Sentinel answer and cross claim and conferring with other attorneys regarding these filings).

***b. The hours billed by other attorneys are also reasonable.***

The Sentinel entities also argue that the Trust fails to explain the reasonableness of hours billed by attorneys other than Humes and Nobriga. They contend that Adam Segal, who billed 7.9 hours, "is not on the caption of this case" and has never appeared in the case.[32] The Trust responds that Segal "is a senior ERISA partner who reviewed strategy and case progress" and, regardless, Segal's total time billed is "minimal in proportion to the overall fees incurred."[33]

The Sentinel entities fault the Trust for failing to "explain why this case requires involvement beyond two skilled ERISA litigators."[34] But the Trust counsel's affidavit and billing records justify Segal's involvement: he is an expert in the field, a shareholder at the firm, and provided guidance on the Trust's summary-judgment motion and liquidated-damages request at a discounted hourly rate.[35] Segal's seven hours billed for this work are reasonable and the Sentinel entities again fail to meet their shifted burden to explain why the Trust should not be awarded these fees. So I deny the request to reduce fees on this ground as well.

***c. The Sentinel entities fail to identify "unnecessary" time spent litigating by the Trust's attorneys.***

Finally, the Sentinel entities aver that the Trust did not need to respond or reply to several of the Sentinel entities' motions and responses.[36] The Trust, they argue, did not need to respond to their default-judgment motion because it did not "concern [the Trust] in any way."[37] And the

---

[32] ECF No. 81 at 6.

[33] ECF No. 89 at 14–15.

[34] ECF No. 81 at 6.

[35] ECF No. 89-2 at ¶ 13; ECF No. 89-3 at 29, 31.

[36] ECF No. 81 at 8–9.

[37] *Id.* at 8.

Sentinel entities explain that it "was also unnecessary for [the Trust] to spend time drafting a reply in support of their motion for default judgment."[38] The Trust attorneys billed 1.4 hours for the reply.[39] The Trust maintains that both filings were necessary because it needed to address gaps in case law in the Sentinel entities' default-judgment motion and ensure that "default was properly entered."[40]

Based on counsel's affidavit,[41] the billing records,[42] my review of the docket in this case, and my familiarity with the course of this action, I find that the hours worked and amounts billed for these filings are reasonable given the results obtained by these default-judgment motions.[43] So the Sentinel entities' argument that "[t]here was no explanation for the necessity"[44] of the Trust's response and reply falls short, and I decline to reduce the Trust's requested attorneys' fees award on this ground. Because the Trust withdrew its request for $9,471 in attorneys' fees from other state-court matters related to this litigation, I do not address the parties' arguments regarding these fees.[45] I thus grant the Trust's motion for attorneys' fees and award $92,249.50 against all defendants, jointly and severally.

---

[38] *Id.*

[39] *Id.*

[40] ECF No. 89 at 16–17.

[41] ECF No. 89-2.

[42] ECF No. 89-3.

[43] *See* ECF Nos. 70, 71, 74, 75, 76 & 79 (default-judgment litigation and orders granting default judgment against Defendants Sentinel 2, LLC f/k/a SMI, LLC and Sentinel 1, LLC f/k/a Sentinel Maintenance of Las Vegas, LLC).

[44] ECF No. 81 at 8–9.

[45] *See* ECF No. 89 at 17–18.

**Conclusion**

**IT IS ORDERED that the plaintiffs' motion for attorneys' fees [ECF No. 80] is GRANTED; the plaintiffs are awarded $92,249.50 in attorneys' fees.** The Clerk of Court is directed to **ENTER AN AMENDED JUDGMENT** that adds this fee award to the prior final judgment [ECF No. 79].

_________________________________
U.S. District Judge Jennifer A. Dorsey
November 10, 2026